USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANDA MAZELLA,
*individually and on behalf of others similarly situated*,

           Plaintiff,

-against-

THE COCA-COLA COMPANY

           Defendant.

7-20-cv-05235-NSR

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Amanda Mazella ("Plaintiff") commenced this putative class action suit against The Coca-Cola Company ("Defendant") on February 8, 2020 and alleges violations of New York General Business Law ("GBL") §§349 and 350; negligent misrepresentation; breaches of express warranty, implied warranty of merchantability, and Magnuson Moss Warranty Act, 15 U.S.C. §2301, *et seq*; fraud; and unjust enrichment. (ECF Nos. 1, 16.)

    On January 13, 2021, Defendant moved to dismiss Plaintiff's Amended Complaint. (ECF No. 20.) For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

### I. Factual Allegations

    The following facts are derived from the Amended Complaint ("Am. Compl.") (ECF No. 16.) and construed in the light most favorable to Plaintiff for the purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

    Defendant manufactures, distributes, markets, labels, and sells an iced tea beverage under its Gold Peak® brand (the "Product") that is labeled "Slightly Sweet" which Plaintiff alleges

1

would lead a consumer to believe the beverage is low in sugar. (Am. Compl. ¶ 1, 3, 4.) The front label of the Product includes the terms "Slightly Sweet," "Tea," "Sweetened with 50% Less Sugar Than Our Sweet Tea," and "90 Calories Per Bottle." (*Id.* ¶ 3.)

Consumer survey evidence shows that consumers generally wish to ingest less sugar but are unable to because of confusion regarding labels. (*Id.* ¶ 4-5.) Because reasonable consumers often associate sugar with calories, they expect that a reduced sugar amount means a reduced calorie count. (*Id.* ¶ 6-8, 10-11.) The growing awareness of health problems associated with excessive sugar consumption has led consumers to prefer products with little to no added sugar. (*Id.* ¶ 18.)

Plaintiff alleges that the Product's prominent claim of "Slightly Sweet" is misleading because it is a "low sugar" claim about the amount of sugar that the Product contains, yet the Product includes more than .5 grams of sugar. (*Id.* ¶ 31-32.) Plaintiff further alleges that the claims are misleading because sugar is the second most predominant ingredient in the Product by weight. (*Id.* ¶ 53).

Thus, Defendant's branding and packaging of the Product is designed to deceive, mislead, and defraud consumers. (*Id.* ¶ 64). Further, because of the label, the Product is sold at a premium price compared to other similar products represented in a non-misleading way. (*Id.* ¶ 68).

## LEGAL STANDARD

In evaluating Defendant's motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However, a claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient

"to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must sufficiently plead "more than a sheer possibility that a defendant has acted unlawfully," *Id.*, and cannot rely on mere "labels and conclusions" to support a claim. *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. On a 12(b)(6) motion, a court is "limited to the facts as presented within the four corners of the complaint, [the] documents attached to the complaint, or [] documents incorporated within the complaint by reference." *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (citing *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)).

## DISCUSSION

Plaintiff alleges several causes of action: statutory claims under GBL §§349 and 350; claims for negligent misrepresentation under state common law; breach of express and implied warranty under state common law and under the federal Magnuson-Moss Warranty Act (MMWA); fraud under state common law; and unjust enrichment under state common law. Plaintiff brings these claims on behalf of herself and a putative class of "purchasers of the Product who reside in New York," and demands both monetary damages and injunctive relief directing Defendant to "remove, correct, and/or refrain from the challenged practices and representations." (Am. Compl. ¶ 89, 98-124.) Defendant moves to dismiss all of Plaintiff's claims. The Court considers each claim in turn.

    **I.    General Business Law Claims**

Plaintiff brings claims pursuant to deceptive business practice under GBL §349 and false advertising under GBL §350 on the grounds that a "consumer has the right to an honest marketplace where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). GBL §§349 and 350 are applicable to almost all economic activity. *Karlin v. ICF Am., Inc.*, 93 N.Y.2d 282, 290 (1999). To state a *prima facie* claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice. *See, e.g.*, *City of N.Y. v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009) (stating that a prima facie claim under §349 requires a plaintiff to "demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result"); *see also Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 450-51 (E.D.N.Y. 2007) (stating that the standards under §§ 349 and 350 are "substantively identical"). Defendant avers that Plaintiff fails to allege that the Product is materially misleading. The Court agrees.

**A. Consumer-Oriented Conduct**

It is undisputed that Plaintiff has met the first prong of her GBL claims: There is no question that the sale of the Product constitutes "consumer-oriented conduct." *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 84 (2d Cir. 2015). This element "may be satisfied by showing that the conduct at issue potentially affects similarly situated consumers." *Id.* "[E]ven the sale of high-end wine has been held sufficiently 'consumer-oriented' to support a claim under §349." *Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 643 (S.D.N.Y. 2016), *reconsideration denied*, No. 16-CV-3224 (JSR), 2016 WL 7188788 (S.D.N.Y. Nov. 17, 2016)

4

(citing *Koch v. Greenberg*, 626 Fed. Appx. 335, 340 (2d Cir. 2015) ("[G]iven that the defendant provided wine to be sold at auction to other consumers similarly situated to the [plaintiff], the consumer-oriented conduct requirement has been met.)

### B. Materially Misleading

However, Plaintiff has not sufficiently alleged the materially misleading element of her GBL claims. Plaintiff asserts that it is inappropriate for courts to determine whether the Product is materially misleading because the question of whether the Product would mislead a reasonable consumer is a question of fact not suited for resolution at the motion to dismiss stage. *Duran v. Henkel of America, Inc.*, 2020 WL 1503456, at *4 (S.D.N.Y. March 30, 2020). However, "the New York Court of Appeals has adopted an objective definition of 'misleading,' under which the alleged act must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y. 2d 20, 26 (1995)).

On a 12(b)(6) motion, courts "view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Delgado v. Ocwen Loan Servicing, LLC*, 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 24, 2014) (citation and quotation marks omitted). This means that the court considers the "[t]he entire mosaic [of the label] … rather than each tile separately." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 2007 WL 1138879, at *4 (S.D.N.Y. Apr. 16, 2007) (citation omitted). Thus, the "issue may be a question of law or of fact as individual cases require." *Delgado*, 2014 WL 4773991, at *8 (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741, 745 (1995)).

When applying this standard, courts have held that the "'rational consumer,' would not 'simply assume' something about the product that a cursory inspection would not show to be true." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016)). Therefore, "[c]ontext is crucial" when determining if a label is materially misleading, and that context includes information on the product's packaging along with the product itself. *See Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200-01 (2d Cir. 2019) (finding that the term "diet" when used on a soft drink label is not materially misleading, and that diet carries a clear meaning in the context of a soft drink label). Thus, the "the primary evidence in a consumer-fraud case arising out of allegedly false advertising is … the advertising itself." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013).

Plaintiff has not plausibly alleged that "Slightly Sweet" on the Product label would cause a reasonable consumer to assume that it is "low sugar" and thus "low calories." According to Plaintiff, the Product label would lead a reasonable consumer to take "Slightly Sweet" as a factual representation of the amount of sugar in the Product and therefore assume that the Product has a low amount of sugar. However, the Court finds that, on its face, the term "Slightly Sweet" is analogous to "Just a Tad Sweet" which the court in *Salazar v. Honest Tea, Inc.* remarked was a "blatant form [] of puffery." 74 F. Supp. 1304, 1317 (E.D. Cal. 2014). Additionally, the term "Slightly Sweet" on its own is unlikely to "'"mislead a consumer acting reasonably' into believing" that the Product has a low amount of sugar and, thus, a low-calorie count. *Melendez v. ONE Brands, LLC*, 2020 WL 1283793, at *7 (E.D.N.Y. 2020) (holding that the "1g sugar" on "the ONE Bars' front label is not likely to 'mislead a consumer acting reasonably'… into believing that the bars are lower in carbohydrate or calories than they actually are") (quoting *Davis v. Hain Celestial Group, Inc.*, 297 F.Supp.3d 327, 331 (E.D.N.Y. 2018)).

6

Courts have also found that the presence of a disclaimer or similar clarifying language, such as a Nutrition Fact Panel, may defeat a claim of deception. *See Freeman v. The Time, Inc. Magazine Company, et al.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (upholding the dismissal of a challenge to a sweepstakes mailer where the mailer explicitly stated that the plaintiff would win only if he had the winning number). Thus, where the allegedly deceptive practice is fully disclosed, there is no deception claim. *See Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001) ("[T]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed...."). The label of the Product includes information about the Product's sugar content and the number of calories the Product contains. (Am. Compl. ¶ 3.) Additionally, the label of the Product includes a Nutrition Fact Panel that lists sugar and calorie counts in the beverage. Courts have found that the inclusion of the Nutrition Fact Panel ensures that there is no ambiguity as to the amount of calories and sugar in a product, and, thus, no misleading claim. *See Melendez*, 2020 WL 1283793, at *7 (E.D.N.Y. 2020) (holding that any ambiguity is corrected by the existence of the Nutrition Fact Panel that lists calorie counts); (Am. Compl. ¶ 4.) Because the Product discloses the number of calories and amount of sugar on the label, a reasonable consumer would not assume the definition of "Slightly Sweet" is "low sugar" or "low calories." *Chen v. Dunkin' Brands Inc.*, 954, F.3d 495 (E.D.N.Y. 2018) (holding that because a photo on the box of the product depicted what was meant by the term "steak," a reasonable consumer would not assume an alternative definition of the word).

Additionally, Plaintiff points to survey evidence that found that reasonable consumers often inaccurately interpret "low" nutrient content claims to mean a Product is low in sugar and calories. (Am. Compl. ¶ 8) ("Products that tend to be high in calories, sodium, sugar, or fat actually may be more likely to have low- /no-content claims.") However, Plaintiff does not

allege any facts from this consumer survey data that support the conclusory statement that "Slightly Sweet" on the Product label leads reasonable consumers to assume the Product is low in sugar or calories and not simply a description of the beverage's taste.

Plaintiff further alleges that the Product violates two FDA regulations, which support Plaintiff's argument that Defendant has violated GBL §349 and §350. First, Plaintiff alleges that the Product violates the FDA regulation that prohibits "trivial [or negligible] source of sugar" claims as the Product has more than half a gram of sugar per serving. (Am. Compl. ¶ 30-31); 21 C.F.R. § 101.60(c)-(c)(1). However, as discussed above, Plaintiff does not plausibly allege that a reasonable consumer would find that "Slightly Sweet" is a "low sugar" claim and thus the Product does not violate the FDA regulation. 21 C.F.R. § 101.60(c)-(c)(1).

Second, Plaintiff alleges that the Product label also violates an FDA regulation for relative nutrient content claims that clarify the amount of sugar in the beverage. The FDA regulation requires that a label with a relative nutrient content claim must (1) identify the food and nutrient percentage; and (2) contain an absolute comparison of nutrient levels per serving size next to either the most prominent claim or the nutrient panel. 21 C.F.R. § 101.13(j)(2).[1] However, Plaintiff concedes that "Slightly Sweet" is not a part of the "relative nutrient content claim," and is not subject to the regulation. 21 C.F.R. § 101.13(j)(1); (Am. Compl. ¶ 40.) Additionally, Plaintiff does not allege that the relative claim of "Sweetened with 50% Less Sugar than Our Sweet Tea," is in violation of this regulation. Thus, the Plaintiff does not sufficiently allege that the Product violates this FDA regulation.

---

[1] Plaintiff also alleges that although the FDA has yet to establish a standard definition for "high sugar foods," if the FDA were to establish a standard using similar metrics as it uses for other nutrient sources, then, likely, the Product would satisfy the definition. Because the FDA regulation does not exist, Defendant cannot be in violation of it.

Because Plaintiff does not plausibly allege that the Product violated the FDA regulations, these regulations do not shed light on unlawful or deceptive practices that would aid Plaintiff in alleging her GBL claims. However, even if the Product label were to violate either of the above regulations, the FDA's respective policies, while potentially relevant, are not controlling. *Segedie v. Hain Celestial Group, Inc.*, No. 14–cv–5029 (NSR), 2015 WL 2168374, at *11 (S.D.N.Y. May 7, 2015).

Accordingly, Plaintiff has not alleged facts that support the claim that "Slightly Sweet" itself or when viewed in the context of the Product's full label and Nutrition Fact Panel would lead a reasonable consumer to think the Product contains a "low sugar" claim and therefore is materially misleading.

### C. Injury

Plaintiff alleges that her injury is the price premium of the beverage as the allegedly materially misleading label allows the Product to cost more than properly labeled comparable beverages. (Am. Compl. ¶ 68). However, because Plaintiff has not plausibly alleged that the label is materially misleading, the Court does not need to evaluate the injury prong of her GBL claims. *See Melendez*, 2020 WL 1283793, at *7 (finding that because a reasonable consumer would not have been misled about the bars' carbohydrate and caloric contents due to the Nutrition Fact Panel, the Court does not need to evaluate the price premium injury); *See also Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir.2009) (finding no injury where plaintiff "does not claim that he did not receive adequate insurance coverage or that he did not contract for the coverage he received").

### II.     Negligent Misrepresentation

9

"A claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007). "[T]he alleged misrepresentation must be factual in nature[.]" *Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20-21 (2d Cir. 2000).

Plaintiff alleges that there is a special relationship between Defendant and consumers because "(1) the defendant makes a statement with the awareness that the statement was to be used for a particular purpose; (2) a known party or parties rely on this statement in furtherance of that purpose; and (3) there is some conduct by the defendant linking it to the party or parties and evincing [the] defendant's understanding of their reliance." *Greene v. Gerber Products Co.*, 262 F. Supp 3d 38, 75 (E.D.N.Y. 2017).

However, negligent misrepresentation requires more than receipt of a mass advertisement. *McGill v. Gen. Motors Corp.*, 231 A.D.2d 449, 450 (1st Dep't 1996). "In the commercial context, a closer degree of trust between the parties than that of the ordinary buyer and seller is required to establish the 'existence of ... a special relationship ... [capable of] giv[ing] rise to an exceptional duty regarding commercial speech and justifiable reliance on such speech.'" *Izquierdo v. Mondelez Int'l Inc.*, 16-CV-04697 (CM), 2016 WL 6459832, at *8 (S.D.N.Y. Oct. 26, 2016) (citing Kimmell v. Schaefer, 89 N.Y.2d 257, 264 (1996)). To determine whether a special relationship, and in turn, a duty to provide correct information exists, courts look to the following factors: "whether the person making the representation held or appeared to hold unique or special expertise, whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which

the information would be put and supplied it for that purpose." *Id.* (citing *Kimmell*, 89 N.Y.2d at 264.) However, "[b]ecause 'casual' statements and contacts are prevalent in business, liability in the commercial context is 'imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified.'" *Greene v. Gerber Prod. Co.*, 16-CV-1153 (MKB), 2017 WL 3327583, at *25 (E.D.N.Y. Aug. 2, 2017) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004); and citing *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003) ("[T]he law of negligent misrepresentation requires a closer degree of trust between the parties than that of the ordinary buyer and seller in order to find reliance on such statements justified.")

Plaintiff's negligent misrepresentation claim fails at the first prong of the analysis as Plaintiff fails to allege the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff. Additionally, Plaintiff has not adequately alleged that "Slightly Sweet" is false or misleading such that Plaintiff "reasonably or justifiably relied on these misrepresentations" in purchasing the product. (Am. Compl. ¶ 109.)

Plaintiff cites to *Greene v. Gerber Products Co.*, 262 F. Supp 3d 38, 75 (E.D.N.Y. 2017) in support of her assertion that the "special relationship" necessary to assert a negligent misrepresentation claim exists between the parties. In *Greene*, which involved the deceptive marketing of infant formula, the court found that a special relationship could be inferred between the parties where the plaintiff alleges that (1) the defendant holds or appears to hold specific expertise and (2) the defendant was aware of the use to which the information would be put and supplied it for that purpose. *Id.* In analyzing plaintiff's claim in *Greene*, the plaintiff asserted that the defendant was aware of "at least one major study that 'conclusively refuted' [the] health

claim, and that Defendant in fact sponsored that study and provided it with staff and funding." *Id.* This was crucial information because "knowledge of the particulars of the company's businesses would 'not constitute the type of 'specialized knowledge' that is required in order to impose a duty of care." *Id.*; *Trainum v. Rockwell Collins, Inc.*, No. 16-CV-7005, 2017 WL 1093986, at *4 (S.D.N.Y. Mar. 9, 2017) (citing *JP Morgan Chase Bank v. Winnick*, 350 F.Supp.2d 393, 402 (S.D.N.Y. 2004)).

In the instant action, even drawing all inferences in Plaintiff's favor as the nonmoving party, the Court cannot find that representations made by the Product constitute a specialized knowledge "required in order to impose a duty of care." *Id.* Plaintiff does not allege facts to support the conclusion that Defendant holds or appears to hold specific expertise in finding "Slightly Sweet" means "low sugar" or that the Defendant was aware that the claim "Slightly Sweet" would be used as a "low sugar" claim. As such, the Court cannot conclude that Plaintiff has plausibly alleged facts sufficient for the Court to infer that the "special relationship" necessary for a negligent misrepresentation claim is present. Thus, Plaintiff's negligent misrepresentation claim, as asserted, does not overcome the presumption that advertisements are generally insufficient to establish such a relationship. *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 (MKB), 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015) ("Courts have consistently held that advertisements alone are not sufficient" to establish a "special relationship.")

Moreover, even if Plaintiff were to have plausibly alleged this special relationship, the Court finds that Plaintiff has not adequately alleged that "Slightly Sweet," based on the context of the label, is misleading or false. Thus, Plaintiff does not sufficiently plead that she

"reasonably or justifiably" relied on a negligent misrepresentation, the "Slightly Sweet" label, when she purchased the Product. (Am. Compl. ¶ 109.)

### III. Breach of Warranty

Plaintiff claims that Defendant breached an express warranty about the Product's composition, an implied warranty of merchantability, and the federal MMWA[2] through the "Slightly Sweet" label. Defendant avers that the claims fail because Plaintiff has not adequately pleaded that "Slightly Sweet" is a false or misleading factual promise instead of a product description. The Court agrees.

#### A. Breach of Express Warranty

An express warranty is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." N.Y.U.C.C. § 2-313(1)(a). To state a claim for breach of express warranty under New York law, a plaintiff must allege (1) a material statement amounting to a warranty; (2) the buyer's reliance on this warranty as a basis for the contract with his immediate seller, (3) the breach of this warranty, and (4) injury to the buyer caused by the breach. *See Oden v. Boston Scientific Corporation*, 330 F. Supp. 3d 877, 895 (E.D.N.Y. 2018) (dismissing an express warranty claim where "the Complaint is devoid of any facts that would permit the inference that Plaintiff actually read statements and directly relied upon them when making the decision to utilize Defendant's product"). Additionally, New York law requires that a plaintiff in an express warranty action give notice to the seller with specificity. N.Y. U.C.C. § 2-607(3)(a).

Plaintiff's claim as alleged fails at the first prong as she does not sufficiently plead that "Slightly Sweet" is a material statement amounting to a warranty. The is because Plaintiff does

---

[2] "The MMWA . . . creates no additional bases for liability but allows a consumer to recover damages under existing state law." *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006).

13

not plausibly plead facts to support the conclusion that the label "Slightly Sweet" is a factual representation of the amount of sugar within the Product. As such, Plaintiff does not adequately allege that Defendant breached an express warranty of the Product.

### B. Implied Warranty of Merchantability

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that (1) the goods were not fit "for the ordinary purpose for which they are used; (2) [are] capable of passing without objection in the trade under contract description; and (3) [are] of fair and average quality for such goods." N.Y.U.C.C. § 2–314(2)(c). Additionally, there must be direct "privity between a plaintiff and defendant… where the loss alleged is economic." *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 556 (S.D.N.Y. 2016).

Plaintiff concedes that the Product is fit for consumption, but that that the Product was "not capable of passing without objection in the trade because it contained an unhealthy amount of added sugar" (Am. Compl. ¶ 16.) Plaintiff does not allege independent facts to support this conclusion and instead relies on the argument that the label is misleading to a reasonable consumer. As discussed in section I(b), Plaintiff does not plausibly allege that the label is false or misleading. Assuming that Plaintiff is referring to "the trade" as "low sugar" beverages, she has not plausibly alleged that the Product labels itself as a "low sugar" beverage. Therefore, Plaintiff does not adequately allege that the Product is incapable of "passing without objection in trade." N.Y.U.C.C. § 2–314(2)(c)

Additionally, Plaintiff does not allege to have been in direct privity with Defendant. *See Wedra v. Cree, Inc.*, No. 19 CV 3162 (VB), 2020 WL 1322887, at *10 (S.D.N.Y. Mar. 20, 2020) (holding that there was no privity where the plaintiff purchased defendant's light bulbs at a

14

Home Depot).  Thus, Plaintiff has not adequately alleged a breach of the implied warranty of merchantability.

>    IV.    **Fraud**

"Generally, in a claim for fraudulent misrepresentation, a plaintiff must allege [(1)] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [(2)] made for the purpose of inducing the other party to rely upon it, [(3)] justifiable reliance of the other party on the misrepresentation or material omission, and [(4)] injury." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 178 (2011).  In other words, to state a claim for fraud, a plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Fraud claims must be pled with specificity.  Fed. R. Civ. P. 9(b).

As discussed, Plaintiff does not plausibly allege that "Slightly Sweet" in the context of the Product's label is a factual statement that is false or misleading.  Thus, Plaintiff's claim fails the first prong of the fraud analysis.

>    V.    **Unjust Enrichment**

"[I]n order to sustain an unjust enrichment claim, '[a] plaintiff must show that (1) the other party was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered.'" *E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441, 455 (2018) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011)) (alterations in original).

Plaintiff has failed to allege that any gains would be unjust as Plaintiff has not plausibly alleged that a reasonable customer would be misled or deceived by the "Slightly Sweet" label. *See Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 706 (2d Cir. 2020) ("[T]he unjust

15

enrichment claim here fails [because] she has not alleged a fraud that would render Florida's Natural's enrichment 'unjust.'")

## VI. Injunctive Relief Claim

Defendant avers in the alternative that even if Plaintiff's claims are not dismissed, her demand for an injunction should be stricken. Because the Court has dismissed the above claims, it declines to address Defendant's injunctive relief claim at this juncture.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims against The Coca-Cola company are dismissed. The Clerk of Court is directed to terminate the motion at ECF No. 20 and close the case.

SO ORDERED:

Dated: July 12, 2021

White Plains, NY

_____
NELSON S. ROMÁN
United States District Judge